(December 3, 1896.)

## RAFT RIVER LAND AND CATTLE CO. v. LANGFORD.
[46 Pac. 1024.]

WATER RIGHTS—DECREE SETTLING SAME—BILL TO ENFORCE DECREE NOT PROPER REMEDY.—Where a decree has been entered settling and adjusting the rights of various parties to the waters of a stream, and enjoining the use or appropriation of said waters otherwise than as provided in such decree, the remedy for a violation of the provisions of such decree, where neither a change of parties, conditions, or interests appears, is not by bill to enforce the decree.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Zane & Costigan, for Appellant.

The suit is based upon a final decree in the case of *Kirk v. Bartholomew*, which is set forth as to certain parts of it, in the complaint, and was brought to enjoin the defendant Langford and one Bartholomew from violating the order therein contained, distributing the waters of Raft river, to which suit it was not denied that both respondents and appellant were parties. The case was heard upon an order to show cause why a temporary injunction should not issue. The court erred in making the order granting a temporary injunction in this action. No reasons are shown or suggested why the original decree cannot be carried into execution, no change in the condition of the parties or in the circumstances is alleged, which prevents the decree from being carried out. The pleader evidently supposed that an action lies upon a decree in just the same manner an action lies upon a judgment at law. This is not true and is opposed to elementary principles. The form of such bills shows that no action lies unless the ordinary process of the court is insufficient. (2 Daniell's Chancery Practice, Gould's ed., 1585; 3 Daniell's Chancery Practice, Gould's ed., 2072; Story's Equity Pleading, sec. 429; *Grew v. Breed*, 12 Met. 369, 46 Am. Dec. 687; Adams on Equity, 415; *Drew v. Parker*, 14 Allen, 105; Lube's Equity Pleading, 204, sec. 286; *McFadden v. McFadden*, 44 Cal. 306; 6 Am. & Eng. Ency of Law, 773.) The complaint showed no cause of action because the amount of water claimed and the amount awarded by the decree is no fixed amount and is incapable of ascertainment. It is merely specified as twenty-five inches for each of the plaintiffs. No pressure is mentioned and none is hinted at either in the pleadings or in the original decree. (*Drake v. Earhart*, 2 Idaho, 750, 23 Pac. 541; *Dougherty v. Haggin*, 56 Cal. 522; *Lakeside Ditch Co. v. Crane*, 80 Cal. 181, 22 Pac. 76; *Holman v. Pleasant Grove*, 8 Utah, 78, 30 Pac. 72.) The parties not relying upon that decree and not proceeding in the original suit, but having brought a new suit claiming rights in the water were compelled to allege and to show, first, that each of them was entitled to the twenty-five inches by prior appropriation; then to show that such an amount was absolutely necessary to their needs. (*O'Connell*

*v. McNamara,* 3 Dru. & W. 411; quoted in 2 Daniell's Chancery Practice, 1586; *Hamilton v. Houghton,* 2 Bligh. 169; *Lawrence v. Berney,* 2 Ch. Rep. 127; *Lawrence Co. v. Janesville Mills,* 138 U. S. 662, 11 Sup. Ct. Rep. 402; *Wadhams v. Gay,* 73 Ill. 415; *Thompson v. Maxwell, L. G. & Ry. Co.,* 3 N. Mex. 269, 6 Pac. 193.)

Hawley & Puckett, Arthur Brown, and H. S. Hampton, for Respondents.

Taking it for granted that the complaint is defective in this, that it shows no facts why the original decree could not be carried out, still the complaint is defective in manner rather than in matter, a defect in form rather than in substance, and the defects are waived by failure to demur. (*Merritt v. Glidden,* 39 Cal. 559, 2 Am. Rep. 479; *Hill v. Haskin,* 51 Cal. 175; *Russell v. Mixen,* 42 Cal. 475; *Greenfield v. Steamer Gunnell,* 6 Cal. 67; Story's Equity Pleading, 9th ed., 453; *Garcia v. Satrustegui,* 4 Cal. 244.) The objections of counsel go to a sufficiency of the statement of facts, not to the sufficiency of the facts themselves, and cannot be raised in this court for the first time. (*Himmelman v. Spanagle,* 39 Cal. 40; *King v. Meyer,* 36 Cal. 646.) The defendant was a party to the original action and his rights determined by the decree, and he cannot attack it in this proceeding. (Freeman on Judgments, 334; *Howley v. Howard,* 23 Cal. 401.) Parties and their privies to a decree cannot impeach it collaterally even for fraud or collision, but must proceed to obtain relief by appeal or some other direct method. (*Ketchum v. White,* 72 Iowa, 193, 33 N. W. 627; *Evans v. Spurgin,* 6 Gratt. 107, 52 Am. Dec. 105, and note; *Hanna v. Spotts' Heirs,* 5 B. Mon. 362, 43 Am. Dec. 132; *Burfur v. Rosenfield,* 37 Tex. 42; *Miller v. Fenn,* 1 Neb. 254.)

HUSTON, J.—In October, 1893, a decree was entered in the district court for Cassia county settling and adjusting the rights of various parties, including the parties of this suit, to the waters of Raft river. Every question involving the rights of the parties to that litigation in the premises was considered, passed upon, and settled by that decree. It is now claimed by plaintiffs in this suit that there has been a violation of the de-

cree by defendant, and this action is instituted to carry out the decree of October 5, 1893. We do not think this is the proper proceeding to enforce a decree of this character. No new facts have arisen which could warrant or excuse disobedience to the decree. At least, none appear in the record. The decree was definite, and conclusively settled and adjudicated all the rights of the parties in the premises, and prohibited and enjoined every person from taking any water whatsoever from said Raft river, otherwise than as provided in said decree. "Where, from any cause, it becomes impracticable to carry the decree into execution, a bill may be exhibited to execute or confirm the decree, and settle and ascertain the right of the parties. . . . . The bill must state the reason and circumstances why the decree has not been and cannot be carried into execution without further order and assistance of the court," etc. None of these facts or conditions are manifest from the complaint, or from the testimony. A violation of the terms of the decree is substantially all that is averred, and for that the law gives a complete and adequate remedy, but not by this proceeding. (6 Am. & Eng. Ency. of Law, 773.) Judgment of district court reversed, with costs.

Morgan, C. J., and Sullivan, J., concur.